[No. 7561.]

### HOLICK v. STOKES.

1. CONTRACT—*Modification by Mutual Consent*—One purchasing machinery agrees to secure the price by a mortgage thereof, and of the earnings thereof. The mortgage afterwards executed, and accepted by the vendor, makes no mention of the earnings. *Held,* a modification of the terms of the contract by mutual consent.

2. PROMISSORY NOTE—*Assignment—Effect*—One who in good faith takes an assignment of a negotiable promissory note before maturity is entitled to recover thereon against the maker. Equities between the maker and payee will not be considered.

Nor will any sinister purpose on the part of the payee, in making the assignment, not participated in by the assignee. The assignee in

an action for money prosecuted against him by the maker of a note may be allowed the amount due upon the note as a set-off.

3. ——*Bona Fide Purchaser*—The assignee of a promissory note may set off the amount thereof in an action by the maker against him, even though he purchased the note solely for the purpose of so applying it.

And it seems that, the maker being insolvent, the payment of no more than one dollar for promissory notes, the principal of which is more than one hundred dollars, will not deprive the transaction of its bona fide character.

4. MAXIMS—*Alleging Contraries*—One will not be heard to assert that a particular sum is his money for one purpose, and the money of another for a different purpose.

5. PRACTICE IN SUPREME COURT—*Partial Error—Judgment*—A judgment for the plaintiff being found to be correct in amount, the finding was affirmed; but the court below having erroneously excluded a counter claim presented by the defendant, the judgment was reversed and the cause remanded, with directions to the court below to try the defendant's counter claim and allow as an offset whatever might be found due thereon.

*Error to Adams County Court.*—Hon. H. J. CLASS, Judge.

Mr. EDWIN VAN CISE, Mr. FRANK L. GRANT and Mr. PHILIP S. VAN CISE, for plaintiff in error.

No appearance for defendant in error.

Mr. JUSTICE MUSSER delivered the opinion of the court:

The judgment to be reviewed was obtained by the plaintiff in the county court, on appeal from a justice of the peace. The plaintiff brought the action for an amount alleged to be due him on account of threshing grain for the defendant. Only two of the assignments of error need be noticed. The defendant claimed that at the time the plaintiff bought the threshing machine from the Case Company, the plaintiff, in a written order for the machinery, contracted to give notes for a part of the purchase price, and to secure the same by a mortgage upon the machinery and earnings thereof, and stipulated further that if the notes and mortgage were not given, then the

written order should stand as the purchaser's written obliga-
tion, having the same force and effect as a mortgage. After-
wards, notes were given with a mortgage, securing the same,
upon the machinery only. The defendant paid $42.66 to the
Case Company at its solicitation. He attempted to offset the
amount so paid against the plaintiff's claim, asserting it was
paid to a mortgagee, and the court refused to let him do so.

The defendant claims, that inasmuch as the mortgage
given did not cover the earnings, the order under the contract
became a mortgage upon the earnings. So that when he paid
earnings to the Case Company, he paid it to a mortgagee en-
titled thereto. This contention cannot be sustained. The order
given was not a mortgage, but was a contract for a mortgage
to cover the machinery and earnings. Now this contract
could be easily abrogated or changed by the mutual assent of
the parties, and when one gave and the other accepted notes
and a mortgage upon the machinery only, it amounted to a
mutual agreement that the contract was sufficiently carried
out, or, in other words, that a mortgage on the earnings was
eliminated. As a matter of fact, the $42.66 was the cons_idera-
tion paid by the defendant for the two notes hereafter men-
tioned, as he claims. He can not be heard to say, for one pur-
pose, that it was a mortgagee's money, and for another, that
it was his own.

The defendant, as an offset, also introduced in evidence
two notes from the plaintiff to the Case Company, upon
which there was a balance due of $132.00. The notes were
negotiable and were endorsed without recourse by the payee.
They were obtained by the defendant before the commence-
ment of the action, but whether before maturity is not clear.
The plaintiff had abandoned his threshing business and had
gone away, and the record shows that his property was taken
from him and sold under mortgage by the Case Com-
pany. The defendant, at the solicitation of the company, paid
several of the men, who had been working for the plaintiff, the
balance due them for wages and took assignments from the

men aggregating $51.80. The court correctly allowed these assigned claims. It was upon the promise of the company to protect him, "if Stokes turned up," that the defendant paid the $42.66 and the amount to the men. Later, the defendant hearing that "Stokes was going to turn up," went to the officer of the company and obtained the two notes, paying one dollar at the time. He testified that the notes were his absolute property. The court refused to allow the defendant to counterclaim on the notes. The court substantially found the facts as above narrated and there is no apparent dispute about them, but drew therefrom the inference that by the transfer of the notes the company sought to avoid any liability which it might be under to Stokes, and that, therefore, the transfer of the notes was not a *bona fide* transaction. The court did not connect the defendant with this inferred desire of the company. On the contrary, it found that he was straightforward in the matter. He had paid the money to the men and the company under its promise that it would protect him. Under the apprehension that he needed that protection, he called upon the company. At that time, when the financial condition of the maker is considered, the notes cannot be said to have been worth the amount of money that he had given to the company without regard to what he had paid to the men. About the only value they had was in the hands of the defendant as an offset to any claim which the defendant might make against him. Under these circumstances, the notes were taken, endorsed without recourse, and, so far as appears on this record, the matter was a closed incident between the company and the defendant. It had carried out its agreement to protect him against any claim of the plaintiff, and the notes were, as he said, his absolute property. He was the *bona fide* holder of them for value. The court erred when it refused to regard him as such on account of some ulterior motive of the company. There was no claim of any infirmity in the notes. The record seems to indicate that the plaintiff attempted to show that equities existed between him and the

company while the notes were in the latter's hands, which would cancel the notes or reduce the amount due on them. Those equities could not be considered as to the note or notes transferred to the defendant before maturity. The court failed to find when either of the notes was transferred, or what amount was due on them. It did find that the plaintiff's claim against defendant, after allowing the offset of the wages paid to the men, was with interest, $90.10, and as there is no dispute about it, that finding is affirmed.

The judgment, however, is reversed and the cause remanded with instructions to try the question of the amount due on the two notes at the date of its former judgment, May 3, 1911, in accordance with the views herein expressed, and to offset the amount found due, if any, against the $90.10 found as the amount of plaintiff's claim, and enter judgment as of said date in favor of plaintiff or defendant as the facts found may warrant.

*Reversed and Remanded.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE GARRIGUES concur.